

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,797

### EX PARTE RICKEY DALE WYATT, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W81-01187-K(E) IN THE CRIMINAL DISTRICT COURT 4
## FROM DALLAS COUNTY

*Per curiam.  Keasler, J., not participating.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated rape and sentenced to ninety-nine years' imprisonment.  The Fifth Court of Appeals affirmed his conviction.  *Wyatt v. State*, No. 05-81-00788-CR (Tex. App. – Dallas, August 16, 1982).

Applicant contends, *inter alia*,  that the State withheld material favorable and exculpatory evidence from the defense.  *See Brady v. Maryland*, 373 U.S.83, 87 (1963); *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993).

The parties have submitted agreed findings of fact and conclusions of law, which the trial court has adopted. As a preliminary matter, the trial court finds that Applicant could not have raised his *Brady* claim in a prior writ application, because the suppressed evidence was not available until the current District Attorney instituted an open file policy. Therefore, this application is not a subsequent application barred by Section 4 of Article 11.07 of the Texas Code of Criminal Procedure.

Applicant was arrested on January 24, 1981, as a suspect in three different cases involving sexual assaults and attempted sexual assaults. The three complainants had given police descriptions of their attacker, and eventually identified Applicant in photo lineups. One of the complainants viewed a live lineup, in which Applicant was a participant, and failed to identify Applicant.

At trial, Applicant relied on a defense of mis-identification. Applicant's primary argument was that at the time of the alleged offenses, he weighed between 130 and 144 pounds. The descriptions given by the complainants involved a person who weighed at least 170 pounds. The State presented testimony from the arresting officer, who testified that Applicant had told him that he had lost approximately 30 pounds in the week and a half prior to his arrest. Applicant also presented evidence that he had facial hair at the time of the offenses, which was inconsistent with at least one of the complainants' description of her attacker. The jury found Applicant guilty of one charge of aggravated rape, and sentenced him to ninety-nine years' imprisonment.

In this application, Applicant alleges that the State withheld four specific items of evidence which would have supported the defense's theory of mis-identification. Those items were a police photograph and fingerprint card from a May 20, 1980, arrest, which depicted Applicant with facial hair and showed his weight as 135 pounds, a police report indicating that one of the complainants

told police that her attacker weighed 200 pounds, and the fact that the same complainant had viewed a live lineup and had not identified Applicant in that lineup.

The State concedes that these items, which were in the possession of the State prior to trial, were not disclosed to the defense pursuant to motions for discovery and for *Brady* information. The trial court finds that each of these items was suppressed by the State, and that each of the items constitutes material favorable or exculpatory evidence. The trial court recommends that Applicant's conviction be vacated based on the State's non-disclosure of these items of evidence.

We find, therefore, that Applicant is entitled relief. The judgment of conviction in Cause No. F81-01187-PK from the Criminal District Court 4 of Dallas County is vacated, and Applicant is remanded to the custody of the Dallas County Sheriff to face the charges against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: May 9, 2012
Do Not Publish